Form 145

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**JERALD W. DONALDSON SR**
   Debtor(s)

Bankruptcy Case No.: 19−23083−JAD

Chapter: 13
Docket No.: 30

## NOTICE – REMINDER

      Pursuant to *Fed.R.Bankr.P. 5009(b)*, notice is hereby given that the above−captioned case will be closed without an *Order of Discharge* unless a **Certification of Completion of Instructional Course Concerning Personal Financial Management** **(Official Form B423),** *"the Certification",* is filed within the applicable deadline set forth in *Fed.R.Bankr.P. 1007(c).* The deadlines are as follows:

      ***CHAPTER 13 CASES*** *− − Fed.R.Bankr.P. 1007(c)* requires an individual debtor in a Chapter 13 case to file a statement regarding completion of a course in personal financial management no later than the date when the last payment was made by the Debtor as required by the *Plan* or the filing of a motion for discharge under *11 U.S.C. §1328(b).*

      ***ADDITIONAL CHAPTER 13 CASE CERTIFICATION*** *− − 11 U.S.C. §1328* requires that as a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the Plan, Counsel for the Debtor(s), or the Debtor(s) if not represented by Counsel, shall file with the Court a certification:

      (1)  that the Debtor(s) is entitled to a discharge under the terms of *11 U.S.C. §1328* of the Bankruptcy Code;

      (2)  specifically certifying that all amounts payable under a judicial or administrative order or, by statute, requiring the Debtor(s) to pay a domestic support obligation that are due on or before the date of the Certification (including amounts due before the petition was filed, but only to the extent provided for by the Plan) have been paid;

      (3)  that the Debtor(s) did not obtain a prior discharge in bankruptcy within the time frames specified in *11 U.S.C. §1328(f)(1) or (2);*

      (4)  that the Debtor(s) has completed an instructional course concerning personal financial management within the meaning of *11 U.S.C. §1328(g)(1);* and

      (5)  that *11 U.S.C. §1328(h)* does not render the Debtor(s) ineligible for a discharge.

Dated: November 7, 2019

Michael R. Rhodes, Clerk
United States Bankruptcy Court

United States Bankruptcy Court
Western District of Pennsylvania

In re:
JERALD W. DONALDSON, SR
     Debtor

Case No. 19-23083-JAD
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0315-2     User: admin     Page 1 of 1     Date Rcvd: Nov 07, 2019
                       Form ID: 145    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 09, 2019.
db        +JERALD W. DONALDSON, SR,    129 ORCHARD DRIVE,    PITTSBURGH, PA 15236-1439

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 09, 2019                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 7, 2019 at the address(es) listed below:
         James Warmbrodt     on behalf of Creditor     BAYVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com
         Keri P. Ebeck     on behalf of Creditor     Duquesne Light Company kebeck@bernsteinlaw.com, jbluemle@bernsteinlaw.com
         Office of the United States Trustee     ustpregion03.pi.ecf@usdoj.gov
         Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com
         Russell A. Burdelski     on behalf of Debtor JERALD W. DONALDSON, SR atyrusb@choiceonemail.com
                                                                                               TOTAL: 5